UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CORY WINTER
on behalf of himself and all
others similarly situated,

              Plaintiff,

    v.

U.S. PAPER MILLS CORP.,

      and

SONOCO PRODUCTS COMPANY

          Defendants

Case No. 19-cv-657

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND Fed. R. Civ. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Cory Winter, on behalf of himself and all other similarly situated current and former non-exempt Production employees of Defendants, U.S. Paper Mills Corp. and Sonoco Products Company, for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, including overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, U.S. Paper Mills Corp., is a Hartsville, South Carolina corporation that produces and sells lightweight paperboard for conversion into cores, composite cans, and tubes.

3. Defendant, Sonoco Products Company, is a Hartsville, South Carolina corporation that produces composite cans, tubes, and cores, and it provides consumer packaging, industrial products, protective packaging, and packaging supply chain services domestically and internationally.

4. Defendants operated (and continue to operate) an unlawful compensation system that deprives current and former non-exempt Production employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendants' unlawful policies failed to compensate current and former non-exempt Production employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by failing to compensate Production employees when compensable work commences and ceases by rounding hours worked in its favor (and to the detriment of said employees) and shaving time and hours of work from said employees' timesheets for its own benefit (and to the detriment of said employees), in violation of the FLSA and WWPCL.

5. During the three (3) period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful policies in practice were as follows: (i) Defendants directed, expected, and/or required Plaintiff and all other non-exempt Production employees to arrive on Defendants' premises between fifteen (15) to thirty (30) minutes prior to their scheduled shift start times in order to perform pre-shift preparatory activities, such as meeting, debriefing, preparing, and/or receiving instructions and directions for the work day, for the purpose of being

ready to work by their scheduled shift start times; and (ii) Defendants impermissibly rounded Plaintiff's and all other non-exempt Production employees' "clock in" and "clock out" times each work day in its favor and to the detriment of said employees, unlawfully denying them compensation for hours worked, including at an overtime rate of pay.

6.      Defendants' deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

8.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants have substantial and systematic contacts in this District.

## PARTIES

10.     Defendant U.S. Paper Mills Corp. is a Hartsville, South Carolina company with a principal place of business of 1 North 2nd Street, Hartsville, South Carolina 29550.

11.     Defendant Sonoco Products Company is a Hartsville, South Carolina company with a principal place of business of 1 North 2nd Street, Hartsville, South Carolina 29550.

12. Defendant U.S. Paper Mills Corp. is a subsidiary of Defendant Sonoco Products Company.

13. Defendants' registered agent for service of process in the State of Wisconsin is United Agent Group, Inc. 4650 West Spencer Street, Appleton, Wisconsin 54914.

14. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants operated production facilities in the State of Wisconsin, including but not limited to in De Pere, Wisconsin and Menasha, Wisconsin.

15. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants operated production facilities throughout the United States and in States other than Wisconsin.

16. For purposes of the FLSA, Defendants are "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

17. For purposes of the FLSA, Defendants are "employers" of Plaintiff, and Plaintiff is "employed" by Defendants, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

18. Plaintiff, Cory Winter, is an adult male resident of the State of Wisconsin who resides in Outagamie County, Wisconsin and has a mailing address of W3163 Cornell Court, Appleton, Wisconsin 54915.

19. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as a non-exempt, hourly Production employee at Defendants' Menasha, Wisconsin production facility.

21.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former Production employees who work at, worked at, and/or were employed by Defendants at any of its production facilities within the last three (3) years from the date of filing of the Complaint. Plaintiff performed similar job duties as other current and former non-exempt Production employees who work at, worked at, and/or were employed by Defendants and who were subjected to Defendants' same unlawful policies as enumerated herein.

22.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former non-exempt Production employees on whose behalf he brings this Complaint performed compensable work at production facilities owned, operated, and managed by Defendants.

23.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiff's and all other non-exempt Production employees' day-to-day activities.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Production employees.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt Production employees.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the work rules, policies, and procedures by which Plaintiff and all other non-exempt Production employees abided in the workplace.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants controlled the terms and conditions of Plaintiff's and all other non-exempt Production employees' employment.

28.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's and all other non-exempt Production employees' work schedules and provided Plaintiff and all other non-exempt Production employees with work assignments and hours of work.

29.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other non-exempt Production employees were tracked and recorded by Defendants.

## GENERAL ALLEGATIONS

30.     In approximately February 2019, Defendants hired Plaintiff as a non-exempt, hourly-paid Production employee working primarily at Defendants' Menasha, Wisconsin production facility.

31.     In approximately May 2019, Plaintiff's employment with Defendants ended.

32.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and as part of Defendants' production process at its Wisconsin production facilities, Plaintiff and all other non-exempt Production employees worked alongside each other performing work in various Production positions, departments, and/or physical areas of Defendants.

33.     Within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other non-exempt Production employees employed at Defendants'

production facilities across the United States were subjected to Defendants' same unlawful compensation and timekeeping policies and practices as enumerated herein.

34. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and for timekeeping and/or recordkeeping purposes, Plaintiff and all other non-exempt Production employees had unique employee identification numbers.

35. Plaintiff's unique employee identification number for timekeeping and/or recordkeeping purposes was 107441.

36. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and for timekeeping and/or recordkeeping purposes, Plaintiff and all other non-exempt Production employees recorded their hours worked via Defendants' electronic timekeeping system.

37. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees were subject to the same timekeeping policies and practices at Defendants.

38. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' timekeeping policies and practices were the same or similar at all of its United States production facilities, including at the Menasha, Wisconsin production facility.

39. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees recorded hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendants' electronic timekeeping system.

40. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants required Plaintiff and all other non-exempt Production employees to record hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendants' electronic timekeeping system.

41. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants stored and retained timekeeping records regarding Plaintiff's and all other non-exempt Production employees' actual "clock in" times at the beginning of their shifts and "clock out" times at the end of their shifts each workday via Defendants' electronic timekeeping system.

42. Defendants' workweek for FLSA and WWPCL purposes is Monday through Sunday.

43. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other non-exempt Production employees on a weekly basis.

44. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees generally worked normal or customary daily and weekly shift schedules. For example, at Defendants' Menasha, Wisconsin production facility, Plaintiff's customary daily shift schedule was 7:00 a.m. to 7:00 p.m.

45. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's normal and customary scheduled shift start and end times each work day were, respectively, 7:00 a.m. and 7:00 p.m.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees frequently worked in excess of forty (40) hours per workweek.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policy in practice allowed Plaintiff and all other non-exempt Production employees to "clock in" each work day via Defendants' electronic timekeeping system not more than thirty (30) minutes prior to their scheduled shift start times.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other non-exempt Production employees each work day to arrive on Defendants' premises and to "clock in" via Defendants' electronic timekeeping system between fifteen (15) to thirty (30) minutes prior to their scheduled shift start times.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other non-exempt Production employees each work day to arrive on Defendants' premises, to "clock in" via Defendants' electronic timekeeping system, and to be ready to work by no later than fifteen (15) minutes prior to their scheduled shift start times.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other non-exempt Production employees each work day to arrive on Defendants' premises, to "clock in" via Defendants' electronic timekeeping system, and to be ready to work by no later than fifteen (15) minutes prior to their scheduled shift start times in order to perform pre-shift preparatory

activities, such as meeting, debriefing, preparing, and receiving instructions and directions, for the work day, for the purpose of being ready to work by their scheduled shift start times.

51. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and if Plaintiff and all other non-exempt Production employees did not arrive on Defendants' premises, "clock in" via Defendants' electronic timekeeping system, and were not ready to work by no later than fifteen (15) minutes prior to their scheduled shift start times, Plaintiff and all other non-exempt Production employees were subject to discipline by Defendants. For example, within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' Trainers, Supervisors, and/or Managers verbally reprimanded and/or actually disciplined Plaintiff and other non-exempt Production employees when they did not arrive on Defendants' premises, "clock in" via Defendants' electronic timekeeping system, and were not ready to work by no later than fifteen (15) minutes prior to their scheduled shift start times. During Plaintiff's employment with Defendants, Defendants' Trainers, Supervisors, and/or Managers verbally told Plaintiff: "When the clock hits 6:45 a.m. you need to be here in this break room and ready to go," or words to that effect.

52. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not compensate Plaintiff and all other non-exempt Production employees for these aforementioned pre-shift activities, including but not limited to at an overtime rate of pay.

53.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees arrived on Defendants' premises, "clocked in" via Defendants' electronic timekeeping system between fifteen (15) to thirty (30) minutes prior to their scheduled shift start times, and began performing compensable work at Defendants' direction, with Defendants' knowledge, and for Defendants' benefit.

54.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and even though, each work day, Plaintiff and all other non-exempt Production employees arrived on Defendants' premises, "clocked in" via Defendants' electronic timekeeping system between fifteen (15) to thirty (30) minutes prior to their scheduled shift start times, and began performing compensable work, Defendants' policy in practice was to not begin compensating Plaintiff and all other non-exempt Production employees until their scheduled shift start times – as opposed to when compensable work commenced each work day.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policy in practice was also to round Plaintiff's and all other non-exempt Production employees' "clock in" and "clock out" times each work day in its favor and to the detriment of Plaintiff and all other Production employees.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policy in practice was to round Plaintiff's and all other non-exempt Production employees' "clock in" times forward to said employees' scheduled shift start times – even if compensable work commenced prior to said employees' scheduled shift start times – to the detriment of Plaintiff and all other Production employees.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policy in practice was also to round Plaintiff's and all other non-exempt Production employees' "clock in" times forward to the detriment of said employees if said employees "clocked in" after their scheduled shift start times. For example, if Plaintiff or any other non-exempt Production employee "clocked in" via Defendants' electronic timekeeping system at 7:02 a.m., which was two (2) minutes after their scheduled shift start time of 7:00 a.m., and immediately began performing compensable work, Defendants' policy in practice was to nonetheless round said employees' "clock in" times forward to the nearest quarter-hour – i.e., 7:15 a.m. – to the detriment of Plaintiff and all other non-exempt Production employees.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policy in practice was to compensate Plaintiff and all other non-exempt Production employees on a weekly basis based on rounding said employees' "clock in" times forward in its favor and to the detriment of Plaintiff and all other Production employees – as opposed compensating said employees based on hours actually worked each work day.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' rounding policies as described herein denied Plaintiff and all other non-exempt Production employees with compensation for hours worked and work performed each work day, including but not limited to at an overtime rate of pay.

60.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice did not properly and lawfully compensate Plaintiff and all other non-exempt Production employees for all hours actually worked and/or work performed each workweek.

61.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and weekly basis, compensate Plaintiff and all other non-exempt Production employees when compensable work commenced and ceased each work day.

62.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other non-exempt Production employees for all hours actually worked each workweek.

63.     Defendants were or should have been aware that they were shaving time from Plaintiff's and all other non-exempt Production employees' timesheets each work day, thus failing to compensate said employees when compensable work commenced and ceased each work day.

64.     Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other non-exempt Production employees for all hours actually worked each workweek, including at an overtime rate of pay.

65.     Defendants' policies in practice failed to compensate and deprived Plaintiff and all other Production employees for all hours worked each workweek, including at an overtime rate of pay.

66.     During weeks when no overtime was due, if any, Defendants suffered or permitted Plaintiff and all other Production employees to work without being paid appropriate and lawful compensation at said employees' regular and agreed-upon hourly rate of pay for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

67.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All individuals employed by Defendants as a non-exempt Production employee within the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated at an overtime rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

68.     Defendants, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for all hours of compensable work performed during a workweek, which resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

69.     The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), by Plaintiff on behalf of the FLSA Collective.

70.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

71.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

72.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all hours worked, including overtime compensation.

73.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

74.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

75.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class (Overtime):** All individuals employed by Defendants as a non-exempt Production employee in the State of Wisconsin within the two (2) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated at an overtime rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

> **Wisconsin Class (Agree-Upon Wage):** All individuals employed by Defendants as a non-exempt Production employee in the State of Wisconsin within the two (2) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated with earned and agreed-upon wages at their regular rate(s) of pay for any and all hours worked in a workweek.

76.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

77.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of each of the Wisconsin Classes.

78.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

79.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by

counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

80.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

81.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

82.     Defendants have violated the WWPCL regarding payment of overtime premium wages, agreed-upon wages, and meal periods. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

83.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendants' benefit without being properly compensated, including but not limited to at an overtime rate of pay; (3) Whether Defendants failed to pay the Wisconsin Classes for all work Defendants suffered or permitted them to perform, including but not limited to at an overtime rate of pay; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

84.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of himself and the FLSA Collective)**

85.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

86.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

87.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

88.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

89.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

90.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

91.     Defendants suffered or permitted Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked by failing to compensate Plaintiff and the FLSA Collective with overtime wages for hours worked in excess of forty (40) in a workweek.

92.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

93. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

94. Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

95. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

96. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

97. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
## Violations of the WWPCL – Unpaid Overtime
## (Plaintiff, on behalf of himself and the Wisconsin Class (Overtime))

98.     Plaintiff, on behalf of himself and the Wisconsin Class (Overtime), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

99.     At all relevant times, Plaintiff and the Wisconsin Class (Overtime) were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

100.    At all relevant times, Defendants were employers of Plaintiff and the Wisconsin Class (Overtime) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

101.    At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class (Overtime) within the meaning of Wis. Stat. §§ 109.01 et. seq., 103.01 et. seq., 104.01 et. seq., and Wis. Admin. Code § DWD 272.01.

102.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Overtime) regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

103.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Overtime) overtime compensation.

104.    Throughout the Wisconsin Class Period, Defendants did not compensate Plaintiff and the Wisconsin Class (Overtime) for hours worked and/or work performed at an overtime rate of pay for all hours worked in excess of forty (40) hours a workweek.

105. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

106. Defendants willfully failed to pay Plaintiff and the Wisconsin Class (Overtime) at an overtime rate of pay for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

107. As set forth above, Plaintiff and the Wisconsin Class (Overtime) members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class (Overtime) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Overtime) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

108. Plaintiff and the Wisconsin Class (Overtime) seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### Violation of the WWPCL - Failure To Pay An Agreed Upon Wage
### (Plaintiff, on behalf of himself and the Wisconsin Class (Agreed-Upon Wage))

109. Plaintiff, on behalf of himself and the Wisconsin Class (Agreed-Upon Wage), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

110. Throughout the Wisconsin Class Period, Defendants failed to compensate the Wisconsin Class (Agreed-Upon Wage) for all hours worked and work performed, including but not limited to at an agreed-upon wage, as defined in Wis. Stat. § 109.01(3), including at the Wisconsin Class (Agreed-Upon Wage) members' normal and previously agreed-upon regular

rate of pay for all hours worked and work performed each workweek. As such, Plaintiff and the Wisconsin Class (Agreed-Upon Wage) are entitled payments from Defendants at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for all hours worked and work performed each workweek.

111.    Defendants violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class (Agreed-Upon Wage) for through the impermissible policies and practices described above.

112.    As set forth above, Plaintiff and the members of the Wisconsin Class (Agreed-Upon Wage) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Agreed-Upon Wage) seek damages in the amount of Plaintiff's and the Wisconsin Class (Agreed-Upon Wage) members' respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Agreed-Upon Wage) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

113.    Plaintiff and the Wisconsin Class (Agreed-Upon Wage) seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to Wisconsin Wage Payment Laws.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt Production employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated non-exempt Production employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated non-exempt Production employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated non-exempt Production employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated non-exempt Production employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated non-exempt Production employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 6th day of May, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ **_Scott S. Luzi_**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com