UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CORY WINTER
on behalf of himself and all
others similarly situated,

   Plaintiff,          Case No.: 19-cv-657

  v.

U.S. PAPER MILLS CORP., *et. al.*

   Defendants

---

## JOIND MOTION FOR FINAL APPROVAL OF SETTLEMENT

  Plaintiff, Cory Winter, on behalf of himself and all others similarly-situated, and Defendants, U.S. Paper Mills Corp. and Sonoco Products Company, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Joint Stipulation of Class and Collective Action Settlement and Release" (hereinafter simply the parties' "Settlement Agreement"). (ECF No. 28-1.)

  Accordingly, the parties request that the Court:

  1.  Approve the settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

  2.  Approve the settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

  3.  Find that individuals who have not opted-out of the settlement are considered Class Members in accordance with the Settlement Agreement;

4. Find that individuals who have submitted timely, completed, and valid Claim Forms are considered Settlement Collective Members in accordance with the Settlement Agreement;

5. Find that the Notice and Claim Form sent to Class Members and Settlement Collective Members (attached to the Settlement Agreement as Exhibit A and Exhibit B, respectively) satisfy the requirements of Fed. R. Civ. P. 23 as the best notice practicable under the circumstances, as consistent with due process, and as valid and sufficient notice in accordance with applicable law;

6. Approve the settlement payments to individual Class Members and Settlement Collective Members;

7. Instruct that that Class Members and Settlement Collective Members are bound by the terms and conditions of the Settlement Agreement, including but not limited to the Release as set forth therein;

8. Grant Plaintiff's counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 33), and approve Plaintiff's counsel's requested attorneys' fees and costs in the amount of $216,666.67;

9. Grant Plaintiff's unopposed Motion for Approval of Incentive Award, (ECF No. 39), in the amount of $12,500.00;

10. Instruct that: (1) within twenty-one (21) calendar days of the Effective Date of the Settlement Agreement, Defendants shall deliver to the Settlement Administrator the settlement payments to individual Class Members and Settlement Collective Members; Plaintiff's counsel's attorneys' fees and costs as ordered by this Court; and Plaintiff's incentive award as ordered by this Court; and (2) within fourteen (14) calendar days of receiving funding from Defendants, the

Settlement Administrator shall deliver funds to Class Members and Settlement Collective Members, to Plaintiff's counsel, and to Plaintiff.

11. Instruct that individual Class Members and Settlement Collective Members have one hundred eighty (180) days to cash their settlement checks, otherwise Defendants will be entitled to stop payment on the checks and the Class Members and Settlement Collective Members will forfeit right to the funds, and any uncashed checks or other residual funds shall revert back to Defendants; and

12. Dismiss this case on the merits with prejudice, but retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

## **PROCEDURAL SETTLEMENT BACKGROUND**

On December 13, 2019, the parties filed a Joint Motion for Preliminary Approval of Settlement, (ECF No. 28), along with the parties' fully executed Settlement Agreement. (ECF No. 28-1.) For settlement purposes only, the parties sought certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and sought certification of a class under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* (the "WWPCL") and Fed. R. Civ. P. 23 ("Rule 23"), defined as follows (hereinafter, the "Class"):

> All individuals who, from May 6, 2016 to the date the Court grants preliminary approval of the Settlement Agreement, were employed as hourly-paid employees by Defendants at the DePere, Menasha, Neenah, Pardeeville, Eau Claire, Greenville, and Wausau locations in the State of Wisconsin.

(ECF No. 28; ECF No. 28-1, ¶ 1; ECF No. 31.)

On December 17, 2019, the Court preliminarily approved the parties' settlement. (ECF No. 31). The Court, among other things:

(1) Appointed Walcheske & Luzi, LLC is as Class Counsel;

(2) Appointed Plaintiff as Class Representative;

(3) Approved the Notice and Claim Form that will be sent to Class members in a form that is substantially similar to that which were attached to the Settlement Agreement as Exhibit A and Exhibit B, respectively;

(4) Approved the distribution method of the Notice and Claim Form that will be sent to Class members, attached to the Settlement Agreement as Exhibit A and Exhibit B, respectively, as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(5) Ordered that no later than twenty-one (21) calendar days, the parties' Settlement Administrator shall send the Notice and Claim Form via U.S. Mail to Class members, which were attached to the Settlement Agreement as Exhibit A and Exhibit B;

(6) Ordered that Class members had sixty (60) calendar days in which to send a completed Claim Form, attached to the Settlement Agreement as Exhibit B, back to the Settlement Administrator;

(7) Ordered that any Class members who desired to object to the Settlement Agreement may appear at the Fairness Hearing and show cause why all terms of the Settlement Agreement should not be approved as fair, reasonable, and adequate;

(8) Ordered that no Class members were entitled in any way to contest the approval of the Settlement Agreement except by filing and serving written objections by the Objection Deadline as stated in the Notice, attached to the Settlement Agreement as Exhibit A, or by appearing at the Fairness Hearing, and that any Class members who fail to opt out by the Opt-Out Deadline or who fail to object in the manner prescribed in the Notice shall be deemed to have waived and shall be foreclosed forever from raising any objections to the Settlement Agreement or from asserting claims arising out of, relating to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which were otherwise at issue, in this case; and

(9) Authorized Class Counsel and Defendants' Counsel to use and disclose such information as is contemplated and necessary to effectuate the terms and conditions of the Settlement Agreement and to protect the confidentiality of the names and addresses of the Class members;

(ECF No. 31.)

The Court scheduled a Fairness Hearing for May 7, 2020. (*Id.*)

## SETTLEMENT NOTICE AND PARTICIPATION

On January 6, 2020, the Settlement Administrator sent six hundred and sixty seven (667) Notice and Claim Forms to individual members of the Class. (Declaration of Jessica Jenkins ("Jenkins Decl."), ¶ 10; Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 17.) Class members had sixty (60) calendar days, or until March 6, 2020, to send a completed Claim Form back to the Settlement Administrator (hereinafter simply, the "Notice Period"). (*Id.*) By the end of the Notice Period, three hundred and twenty-nine (329) individuals opted-in and returned completed Claims Forms to the Settlement Administrator, and only one (1) individual opted-out. (Jenkins Decl., ¶¶ 14-15; Luzi Decl., ¶ 17.)

Thus, three hundred and twenty-nine (329) individuals will receive settlement payments as part of the settlement and are bound by the terms and conditions of the Settlement Agreement (hereinafter simply "Class Members"). (Luzi Decl., ¶ 17.) To date, counsel for the parties and the Settlement Administrator have not received any objections to the settlement and are unaware of any opposition to the settlement. (Jenkins Decl., ¶ 16; Luzi Decl., ¶ 22.)

## SETTLEMENT CALCULATIONS

Defendants have agreed to pay a maximum monetary amount of $650,000.00 to Class Members, inclusive of Plaintiff's counsel's attorneys' fees and costs ($216,666.67), Plaintiff's incentive award ($12,500.00), and the costs of settlement administration ($19,903.00). (ECF No. 28-1, ¶¶ 7, 13-14; Jenkins Decl., ¶ 17; Luzi Decl., ¶ 18.) Thus, a monetary fund of approximately

$400,930.33 remained for Class Members who chose to opt-in and return completed Claims Forms to the Settlement Administrator. (Luzi Decl., ¶ 18.)

Because three hundred and twenty-nine (329) individuals opted-in and returned completed Claims Forms to the Settlement Administrator, the monetary settlement fund for all Class Members totals $285,662.71 to be divided on a pro rata basis based on the number of workweeks worked between May 6, 2016 and December 17, 2019 as follows: One-Third (1/3) of the Net Settlement Fund will be allocated to Class/Collective Members who were employed at the Pardeeville, Greenville, Wausau, Neenah, and Eau Claire locations; and two-thirds (2/3) will be allocated to Class/Collective Members who were employed at the DePere and Menasha locations. (ECF No. 28-1, ¶ 13; Luzi Decl., ¶ 18.) For example, a Class Member that worked in Pardeeville would have his/her pro rata percentage calculated by dividing his/her workweeks by the total workweeks of those Class Members that worked in Pardeeville, Greenville, Wausau, Neenah, and Eau Claire, and that pro rata percentage would be multiplied by the 1/3 of the Net Settlement Fund. (Luzi Decl., ¶ 18.)

Specifically, the maximum amount that a Class Member will receive is $1,687.17, while the minimum amount that a Class Member will receive is $5.51. The average number of workweeks that Class Members worked was 142.48, and the average settlement amount that Class Members will receive is $142.48. (Luzi Decl., ¶ 19.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court and twenty-one (21) calendar days of the Effective Date of the parties' Settlement Agreement, (ECF No. 28-1, ¶ 4), Defendants' counsel will provide the Settlement Administrator with the Net Settlement Fund, Plaintiff's counsel's approved attorneys' fees and costs, and Plaintiff's approved incentive

award. (*Id.* at ¶ 16.) Within fourteen (14) calendar days of receiving these monetary amounts from Defendants, the Settlement Administrator will deliver and send said monetary amounts to Class Members, Plaintiff's counsel, and Plaintiff. (*Id.*)

## **ARGUMENT**

### I.     FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co*., 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of

proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved bona fide disputes regarding whether Defendants violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. Specifically, Plaintiff alleged that Defendants failed to compensate him and all other similarly-situated employees for all hours worked throughout the work day, including at an overtime rate of pay, by compensating said employees each work day based on their scheduled shift and end times, as opposed to all hours actually worked as recorded via Defendant's electronic timekeeping system. (ECF No. 19.) Defendants, at all times throughout the litigation, denied these allegations. (ECF No. 22.)

The strength of Plaintiff's case vis-à-vis Defendants' defenses and final settlement offer, and taking into consideration the complexity, length, and expense of further litigation, including the stage of proceedings and discovery completed, weighs in favor of final approval of the parties' settlement.

On August 8, 2019 and at the parties' request, this case was referred to mediation before Magistrate Judge James R. Sickel. (ECF No. 24.) The parties agreed to mediate this case with respect to Defendants' seven (7) physical locations in the State of Wisconsin, located in DePere, Menasha, Neenah, Pardeeville, Eau Claire, Greenville, and Wausau. (Luzi Decl., ¶ 13.) Between approximately August 2019 and October 2019 and in anticipation of the mediation, counsel for the parties debated and acknowledged their respective legal theories and factual positions, but

ultimately concluded that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including numerous depositions in multiple States and extensive document review and production. (Luzi Decl., ¶¶ 11-12.) The time and expense associated with discovery, briefing, and hearings on collective and class certification alone would have been substantial, further supporting the parties' decision to enter into settlement negotiations. (*Id.*)

Towards that end, and between approximately August 2019 and October 2019, counsel for the parties communicated, corresponded, and engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendants' defenses, and counsel discussed the terms, conditions, timelines, processes, and procedures of settlement. (Luzi Decl., ¶¶ 11-12.) Defendants' counsel provided Plaintiff's counsel with significant and voluminous information, data, and documents necessary to fully and fairly evaluate the claims of putative collective and class members, including relevant, detailed, and comprehensive timekeeping and payroll data for each of Defendants' seven (7) locations in the State of Wisconsin. (*Id.*)

On October 31, 2019, an all-day mediation was held in this case with Magistrate Judge James R. Sickel in Green Bay Wisconsin, and, as a result of the arms-length negotiations of the parties at mediation, a settlement was reached. The primary terms and conditions of settlement were put on the record (under seal). (Luzi Decl., ¶ 14.)

Finally, Counsel for the parties approve of the settlement, and during the litigation and settlement of this matter, there has been no collusion between the parties. Counsel are also unaware of any opposition and/or objections to the parties' settlement. (Luzi Decl., ¶ 22.)

For all of these reasons, the parties' settlement is fair, adequate, and reasonable, and this Court should grant final approval.

### III. PLAINTIFF'S INCENTIVE AWARD AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, Wis. Stat. §109.03(6). The Seventh Circuit utilizes "common fund principles [to] properly control a case which is initiated under a statute with a fee-shifting provision, but is settled with the creation of a common fund." *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 564 (7th Cir. 1994). Indeed, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund." *Id.* at 563. Further, a "market-based approach" is used when setting the percentage of a settlement fund to be awarded as reasonable attorneys' fees. *See, e.g., Silverman v. Motorola Sols, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013) (finding that "attorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services."). In applying this standard, a court is not required to "monitor how many hours the lawyers prudently devoted to the case. The client cares about the outcome alone." *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003). Ultimately: "When the 'prevailing' method of compensating lawyers for 'similar services'

is the contingent fee, then the contingent fee is the 'market rate.'" *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986).

In keeping with this approach, federal courts, including the federal Districts in this State, have repeatedly approved attorneys' fees and costs in the amount of one-third (33.33%) of the common settlement fund in collective cases under the FLSA and class cases under the WWPCL because such an amount is fair and reasonable, consistent with the market rate (in Wisconsin) for representation of plaintiffs in collective and class litigation under the FLSA and the WWPCL, respectively, and consistent with Plaintiff's counsel's agreement with Plaintiff. (Luzi Decl., ¶¶ 5-7.) *See, e.g., Thomas Melzer v. Pro Label, Inc.,* Case No. 18-cv-1080, ECF No. 37 (E.D. Wis. January 23, 2020) (approving 1/3 contingency fee in multi-plaintiff FLSA and WWPCL settlement); *David Lee v. UL LLC,* Case No. 17-cv-1617, ECF No. 19 (E.D. Wis. November 25, 2019) (approving 1/3 contingency fee in multi-plaintiff FLSA settlement); *Ehmann v. Pierce Mfg., Inc.,* 16-cv-247-WCG, ECF Nos. 143, 151 (approving 1/3 contingency fee in multi-plaintiff FLSA and WWPCL settlement); *Frank v. Gold Cross Ambulance Serv., Inc.*, 13-cv-1149-WCG, ECF Nos. 24, 31 (approving 1/3 contingency fee in multi-plaintiff FLSA and WWPCL settlement).

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Attorneys' Fees and Costs in the total amount of $216,666.67, (ECF No. 33), and Plaintiff has filed a Motion for Approval of Plaintiff's Incentive Award in the amount of $12,500.00, (ECF No. 39.) Defendants have agreed not to oppose these Motions. (ECF No. 28-1, ¶¶ 7, 14.)

# CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Approve the settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

2. Approve the settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

3. Find that individuals who have not opted-out of the settlement are considered Class Members in accordance with the Settlement Agreement;

4. Find that individuals who have submitted timely, completed, and valid Claim Forms are considered Settlement Collective Members in accordance with the Settlement Agreement;

5. Find that the Notice and Claim Form sent to Class Members and Settlement Collective Members (attached to the Settlement Agreement as Exhibit A and Exhibit B, respectively) satisfy the requirements of Fed. R. Civ. P. 23 as the best notice practicable under the circumstances, as consistent with due process, and as valid and sufficient notice in accordance with applicable law;

6. Approve the settlement payments to individual Class Members and Settlement Collective Members;

7. Instruct that that Class Members and Settlement Collective Members are bound by the terms and conditions of the Settlement Agreement, including but not limited to the Release as set forth therein;

8. Grant Plaintiff's counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 33), and approve Plaintiff's counsel's requested attorneys' fees and costs in the amount of $216,666.67;

9. Grant Plaintiff's unopposed Motion for Approval of Incentive Award, (ECF No. 39), in the amount of $12,500.00;

10. Instruct that: (1) within twenty-one (21) calendar days of the Effective Date of the Settlement Agreement, Defendants shall deliver to the Settlement Administrator the settlement payments to individual Class Members and Settlement Collective Members; Plaintiff's counsel's attorneys' fees and costs as ordered by this Court; and Plaintiff's incentive award as ordered by this Court; and (2) within fourteen (14) calendar days of receiving funding from Defendants, the Settlement Administrator shall deliver funds to Class Members and Settlement Collective Members, to Plaintiff's counsel, and to Plaintiff.

11. Instruct that individual Class Members and Settlement Collective Members have one hundred eighty (180) days to cash their settlement checks, otherwise Defendants will be entitled to stop payment on the checks and the Class Members and Settlement Collective Members will forfeit right to the funds, and any uncashed checks or other residual funds shall revert back to Defendants; and

12. Dismiss this case on the merits with prejudice, but retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

Dated this 20th day of April, 2020

*s/ Scott S. Luzi*                     *s/ Jason Barsanti*

James A. Walcheske, SBN 1065635
Scott S. Luzi, SBN 1067405
Matthew J. Tobin, SBN 1097545

Walcheske & Luzi, LLC
15850 W. Bluemound Rd., Ste. 304
Brookfield, Wisconsin 53005

Telephone: (262) 780-1953

Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: mtobin@walcheskeluzi.com

Jason Barsanti, (*admission pending*)
Tina A. Syring, SBN 1080278
Julie L. Trester, (*admission pending*)

Cozen O'Connor
33 S. Sixth Street, Suite 3800
Minneapolis, Minnesota 55402

Telephone: (612) 260-9000

Email: jbarsanti@cozen.com
Email: tsyring@cozen.com
Email: jtrester@cozen.com

Robert K. Sholl, SBN 1016881
Robert S. Driscoll, SBN 1071461
Michael Gentry, SBN 1091204

Reinhart Boerner Van Deuren S.C.
1000 North Water Street, Suite 1700
Milwaukee, Wisconsin 53202

Telephone: (414) 298-8097

Email: rsholl@reinhartlaw.com
Email: rdriscoll@reinhartlaw.com
Email: mgentry@reinhartlaw.com