UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CORY WINTER
on behalf of himself and all
others similarly situated,

         Plaintiff,                              Case No.: 19-cv-657

         v.

U.S. PAPER MILLS CORP., *et. al.*

         Defendants

## FINAL ORDER APPROVING SETTLEMENT

On December 13, 2019, the parties filed a Joint Motion for Preliminary Approval of Settlement, (ECF No. 28), along with the parties' fully executed "Joint Stipulation of Class and Collective Action Settlement and Release" (hereinafter simply the parties' "Settlement Agreement"). (ECF No. 28-1.) On December 17, 2019, the Court preliminarily approved the parties' settlement. (ECF No. 31).

On April 20, 2020, the parties filed a Joint Motion for Final Approval of Settlement, (ECF No. 32), along with a Proposed Final Order Approving Settlement, (ECF No. 32-1), and Plaintiff's counsel filed an unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 33), and an unopposed Motion for Approval of Plaintiff's Incentive Award. (ECF No. 39.)

On May 7, 2020, the Court conducted a Fairness Hearing on the parties' request for final approval of the Settlement Agreement and determined that the settlement in this matter – as well as Plaintiff's counsel's attorneys' fees and costs and Plaintiff's incentive award – were fair and reasonable.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion for Final Approval of Settlement (ECF No. 32) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Approval of Attorneys' Fees and Costs (ECF No. 33) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Approval of Incentive Award (ECF No. 39) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Court:

1.     Approves the parties' settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

2.     Approves the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

3.     Finds that individuals who have not opted-out of the settlement are considered Class Members in accordance with the Settlement Agreement;

4.     Finds that individuals who have submitted timely, completed, and valid Claim Forms are considered Settlement Collective Members in accordance with the Settlement Agreement;

5.     Finds that the Notice and Claim Form sent to Class Members and Settlement Collective Members (attached to the Settlement Agreement as Exhibit A and Exhibit B, respectively) satisfy the requirements of Fed. R. Civ. P. 23 as the best notice practicable under the circumstances, as consistent with due process, and as valid and sufficient notice in accordance with applicable law;

6.     Approves the settlement payments to individual Class Members and Settlement Collective Members;

7.     Instructs that that Class Members and Settlement Collective Members are bound by the terms and conditions of the Settlement Agreement, including but not limited to the Release as set forth therein;

8.     Grants Plaintiff's counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 33), and approves Plaintiff's counsel's requested attorneys' fees and costs in the amount of $216,666.67;

9.     Grants Plaintiff's unopposed Motion for Approval of Incentive Award, (ECF No. 39), in the amount of $12,500.00;

10.    Instructs that: (1) within twenty-one (21) calendar days of the Effective Date of the Settlement Agreement, Defendants shall deliver to the Settlement Administrator the settlement payments to individual Class Members and Settlement Collective Members; Plaintiff's counsel's attorneys' fees and costs as ordered by this Court; and Plaintiff's incentive award as ordered by this Court; and (2) within fourteen (14) calendar days of receiving funding from Defendants, the Settlement Administrator shall deliver funds to Class Members and Settlement Collective Members, to Plaintiff's counsel, and to Plaintiff.

11.    Instructs that individual Class Members and Settlement Collective Members have one hundred eighty (180) days to cash their settlement checks, otherwise Defendants will be entitled to stop payment on the checks and the Class Members and Settlement Collective Members will forfeit right to the funds, and any uncashed checks or other residual funds shall revert back to Defendants; and

12.    Dismisses this case on the merits with prejudice, but retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

Dated at Green Bay, Wisconsin, this 7th day of May, 2020

s/ William C. Griesbach_____
William C. Griesbach, District Judge
United States District Court